DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, that dismissed appellant's complaint for divorce. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "ERROR NO. 1: THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY FAILING TO HOLD HEARINGS ON RESIDENCY AND JURISDICTION AS REQUIRED BY THE UNIFORM CHILD CUSTODY JURISDICTION ACT AND BY THE PARENTAL KIDNAPPING PREVENTION ACT.
 "ERROR NO. 2: THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DISMISSING THE ORIGINAL DIVORCE COMPLAINT WITHOUT A HEARING AND ITS ORDER VACATING ITS PREVIOUS ORDERS, BASED UPON LACK OF SUBJECT MATTER JURISDICTION, WAS CONTRARY TO LAW."
The undisputed facts that are relevant to the issues raised on appeal are as follows. The parties were married on November 30, 1996, in New Jersey, appellee's home state. They lived together in Temperance, Michigan, in the home of appellant's grandmother, from December 1996 until March 1997, when appellee returned to her parents' home in New Jersey. In May 1997, appellee gave birth to the parties' only child. Appellee stayed in New Jersey until June 1997, when she returned to Michigan. Appellee remained in Michigan, where she and the baby lived with appellant and his grandmother, until November 1997, when she again returned to New Jersey.
At some point unclear from the record, both parties filed complaints for divorce — appellee in the state of New Jersey and appellant in the Lucas County Court of Common Pleas, Domestic Relations Division ("trial court"). Appellant's complaint subsequently was dismissed and he filed another complaint on March 4, 1999. The record reflects that on May 11, 1999, a hearing was held before a magistrate in the trial court on several motions filed by the parties. In a decision filed May 12, 1999, the magistrate found that the Superior Court of New Jersey had issued a decision denying appellant's motion to dismiss on the basis of lack of jurisdiction and finding that the state of New Jersey had jurisdiction over the divorce. The magistrate further found that appellant had appealed the decision of the New Jersey court. Appellant's complaint for divorce was stayed pending the appeal in New Jersey.
On June 7, 2000, appellant filed a motion for a stay of proceedings pending a decision on his appeal in New Jersey. It is unclear why appellant filed this motion, since the trial court had issued a stay on May 12, 1999. Nevertheless, on June 23, 2000, the trial court entered another order staying the proceedings. On December 8, 2000, the trial court filed a judgment entry in which it found that appellee had obtained a divorce in the state of New Jersey. The trial court vacated the stay issued June 23, 2000, and dismissed the case. It is from that judgment that appellant appeals.
Appellant asserts on appeal that the trial court erred by failing to hold a hearing on the issue of jurisdiction and should not have dismissed his complaint. The record reflects that a pre-trial was held on May 11, 1999, and the matter was stayed pending appellant's appeal in New Jersey. Ordering a stay on the matter was entirely within the trial court's discretion, given a court's inherent power to manage its own docket. See Marks v. C.P. Chem. Co., Inc. (1987), 31 Ohio St.3d 200. The record shows that appellant's case next came before the trial court on November 27, 2000, at which time the trial court found that appellee had obtained a judgment for divorce in New Jersey and dismissed the complaint. We find no irregularities in the manner in which the trial court handled this case with respect to the lack of a hearing on the issue of jurisdiction. The trial court clearly had before it the judgment of divorce from New Jersey and was aware that appellant was going forward with an appeal of that judgment. At this time, appellant's remedy in the matter of his divorce from appellee lies in his appeal from the New Jersey judgment. Should appellant prevail in the New Jersey Court of Appeals, he could, of course, refile his complaint for divorce in Ohio. Upon consideration of the foregoing, we find appellant's first and second assignments of error not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.